NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 11-1646

_____

CHARLES DIGGS,
                              Appellant

v.

DAVID DIGUGLIELMO, Superintendent SCI Graterford; ATTORNEY GENERAL OF
THE STATE OF PENNSYLVANIA; DISTRICT ATTORNEY OF DAUPHIN
COUNTY

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(Civil No. 4:07-cv-01505)
District Judge:  Honorable John E. Jones III

_____

Submitted Under Third Circuit LAR 34.1(a)
November 16, 2011

_____

Before: FUENTES, CHAGARES, Circuit Judges,
and RESTANI,* Judge

(Filed: December 13, 2011)

_____

OPINION OF THE COURT

_____

---

* Honorable Jane A. Restani, Judge of the United States Court of International
Trade, sitting by designation.

RESTANI, Judge.

Petitioner Charles Diggs appeals the denial of his petition for a writ of habeas corpus, filed on the basis that defense counsel failed to disclose material evidence. For the following reasons, we will affirm the District Court's judgment.

Because we write for the parties, we recount only the essential facts and procedural history. Petitioner was arrested for and charged with the kidnaping and first degree murder of Nancy White. Jack Singer was the prosecution's key witness, connecting Diggs to the crime. While incarcerated as a parole violator, Jack Singer wrote four letters to the police and district attorney in Harrisburg, Pennsylvania offering information concerning Diggs's case. In those letters, Singer asked the district attorney to arrange for him to return to parole status and to help him avoid prison, but stated that his testimony and help were not contingent upon these requests. At the time of his trial testimony, Singer was not incarcerated, no charges were pending against him, and no deal for his testimony was in place. In April 1977, petitioner was convicted.

After petitioner exhausted his right of direct appeal, he filed a habeas corpus petition and a state court petition under Pennsylvania's Post Conviction Relief Act ("PCRA"), which were denied. See 42 Pa. Cons. Stat. Ann. §§ 9541–46. In November 2000, petitioner filed a second PCRA petition, claiming, inter alia, that evidence impeaching Singer had been withheld and the failure to disclose this evidence constituted a violation under Brady v. Maryland, 373 U.S. 83 (1963). The PCRA court found no

2

Brady violation and denied relief. Diggs exhausted his state court appeals. In August 2007, petitioner filed his second habeas corpus petition, which the District Court for the Middle District of Pennsylvania denied. Petitioner now appeals.

This court has jurisdiction under 28 U.S.C. § 1291 and § 2253.

[W]here a habeas petitioner's claim was "adjudicated on the merits" in state court, the petition may not be granted unless the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

Simmons v. Beard, 590 F.3d 223, 231 (3d Cir. 2009) (quoting 28 U.S.C. § 2254(d)). Our review of the District Court's legal conclusions is plenary. See Coombs v. Diguglielmo, 616 F.3d 255, 260 (3d Cir. 2010).

A Brady violation occurs when evidence, 1) is favorable to the accused, 2) was suppressed by the prosecution, and 3) is prejudicial or material to petitioner's guilt. See Strickler v. Greene, 527 U.S. 263, 281–82 (1999); United States v. Agurs, 427 U.S. 97, 112–13 (1976). The District Court adopted the Magistrate Judge's recommendation to uphold Pennsylvania Superior Court's affirmance of the PCRA court's decision. The Superior Court agreed with the PCRA court that the prosecutor did not suppress the letters Singer wrote while incarcerated because no evidence of a deal existed and the State had filed an "Application Concerning Material Witness" regarding Singer seven months before petitioner's trial. The Application stated that Singer had been incarcerated but was released and that the charges against him had been dropped. It also stated that

3

Singer was previously motivated to testify out of a fear that he might be imprisoned again and he felt endangered in prison. Even though this Application was docketed but not personally served on petitioner's counsel, the Application was served on the Public Defender's Office and was a matter of public record. Therefore, petitioner was on notice that documentary evidence regarding Singer's testimony might exist. Accordingly, the District Court did not err in agreeing with the state court that the letters were not suppressed.

Second, even if the letters were suppressed, they were not material. Evidence is material "'if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" Strickler, 527 U.S. at 280 (quoting United States v. Bagley, 473 U.S. 667, 677–81 (1985) (noting a stricter standard for materiality where defendant fails to make a specific request for the evidence in question)). Here, the District Court adopted the Magistrate Judge's recommendation and Superior Court's conclusion that the letters did not create a reasonable doubt as to petitioner's guilt, and therefore the four letters were not material. The District Court did not err because, at the time of the trial, Singer was not facing criminal charges or incarcerated, so his testimony was not motivated by fear or any agreement with the State. Moreover, Singer initially offered to testify at the trial even if the charges against him were not dropped. Thus, the letters were not material.

Accordingly, we will affirm the District Court's judgment.

4